*Exhibit A*

James West, Esq. (SBN 282076)
Lilian Avedian, Esq. (SBN 320345)
Rhys Kenney. Esq. (SBN 337373)
Marc J. Bern & Partners LLP
15250 Ventura Blvd., Suite 520
Sherman Oaks, California 91403
Phone: (212) 702-5000
Fax: (212) 818-0164
E-mail: JWest@bernllp.com
   LAvedian@bernllp.com
   RKenney@bernllp.com

Attorneys for Plaintiff

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

9/20/2023 5:05 PM

By: Gilberto Villegas, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JANE DOE #1 M.L., an individual,<br><br>  Plaintiff,<br><br>v.<br><br>SAN BERNARDINO COUNTY SHERIFF CENTRAL DETENTION CENTER; SAN BERNARDINO SHERIFF DEPARTMENT; DOES 1 through 100, inclusive<br><br>  Defendants. | Case No.: CIVSB2322939<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff JANE DOE #1 M.L., hereby complains and alleges against Defendants DOES 1 through 10, inclusive, as follows:

### GENERAL ALLEGATIONS

  1. Plaintiff JANE DOE #1 M.L., is a resident of the County of Los Angeles, State of California. Plaintiff is a victim of sexual assault that occurred in the County of San

1

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  Bernardino, State of California.

2. The subject incidents upon which this Complaint is based occurred in locations that included County of San Bernardino. As such, venue is proper in San Bernardino County Superior Court.

3. As a victim of sexual assault, the name JANE DOE #1 M.L. is not plaintiff's actual name. Plaintiff's full identity has been concealed from public court filings in order to prevent those not directly involved in this action from learning his/her identity and making his/her identity public. Such a public disclosure would further harm Plaintiff and his/her family.

4. Perpetrator(s) was under the supervision, control, and/or authority of Defendants, and each of them.

5. Defendant SAN BERNARDINO COUNTY SHERIFF CENTRAL DETENTION CENTER is a public detention center operating in San Bernardino County, California.

6. Defendant SAN BERNARDINO SHERIFF DEPARTMENT is a public entity operating in San Bernardino County, California.

7. Defendants, and each of them, are public entities that are exempt from any government claim presentation requirements per California *Government Code* §945.9.

8. Defendants DOES 1-100, and each of them, are persons, businesses, corporations, or entities who owed a legal duty of care to Plaintiffs, and/or had a duty to control the conduct of Perpetrator(s).

9. The true names and capacities of any defendant designated herein as DOES 1-100, inclusive, whether an individual, a business, a public entity, or otherwise, are presently unknown to plaintiffs, who therefore sue said defendants by such fictitious names, pursuant to *Code of Civil Procedure* § 474. Plaintiff is informed and believe, and on such information and belief alleges, that each DOE Defendant is responsible in some manner for the events alleged herein, and Plaintiff will amend the complaint to state the true names and capacities of said

Defendants when the same have been ascertained.

10. At all times relevant and material hereto, Defendants, and/or Defendants' agents or employees, were responsible and/or liable for each other's negligent actions and/or omissions.

11. At all relevant times, the Perpetrator(s) and Defendants, and each of them were the agents, servants, employees, joint venturers, ostensible agents and/or contractors of each of the remaining Defendants, and were, at all times acting within the course and scope of such agency, servants, employment, contracts, and/or joint venture. Plaintiffs are informed and believe, and upon said basis allege that, at all times herein mentioned, each of the Defendants hired and employed agents, servants, staff members, employees, and/or joint ventures. Each Defendant had also given prior approval and subsequent ratification for the conduct, acts, and/or omissions of the other Defendants, and each of them.

12. At all relevant times, Defendants operated, managed, oversaw, and controlled the activities of Perpetrator(s) and co-Defendants, and each of them, so that Perpetrator(s) and each Defendants were then acting as the actual or ostensible agents of each co-Defendant.

13. At all times herein mentioned, Defendants, and each of them, when acting as a principal, were negligent in the selection and hiring of each of the Perpetrator(s) an each and every co-Defendant as an agent servant, or employee and, furthermore, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by the Perpetrator(s) and co-Defendants.

14. Through Perpetrator(s)' positions at, within, or for Defendants, Perpetrator(s) were put in direct contact with Plaintiff. It was under these circumstances Plaintiff came to be under the direction, contact, and control of Perpetrator(s), who used their positions of authority over Plaintiff to sexually abuse and harass Plaintiff.

15. Defendants, and each of them, knew, had reason to know, should have known, and/or was on notice of misconduct that created a risk of sexual assault by an employee, volunteer, representative, or agent.

16. Defendants, and each of them, failed to take reasonable steps and/or to implement reasonable safeguards to avoid acts of sexual assault, including but not limited to acts of sexual assault upon the body of Plaintiff.

17. Defendants, and each of them, engaged in misconduct that created a risk of the Plaintiff being subjected to lewd and lascivious acts upon the body of Plaintiff with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of Perpetrator(s), Defendants and/or Plaintiff; lewd and lascivious acts by use of force, violence, duress, menace, or fear of immediate and bodily injury on Plaintiff; annoying and/or molesting Plaintiff.

18. As a result of Defendants' acts and omissions, Plaintiff was sexually abused.

19. As a result of Defendants' wrongdoing, Plaintiff was prevented and will continue to be prevented from performing Plaintiff's normal daily activities; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## STATEMENT OF FACTS

20. In 2008, Plaintiff JANE DOE #1, M.L., was transferred to the SAN BERNARDINO COUNTY SHERIFF CENTRAL DETENTION CENTER to serve a sentence on a first offense.

21. The Perpetrator(s) were correctional officers at SAN BERNARDINO COUNTY SHERIFF CENTRAL DETENTION CENTER when Plaintiff arrived there.

22. The Perpetrator(s) was a doctor at SAN BERNARDINO COUNTY SHERIFF CENTRAL DETENTION CENTER when Plaintiff arrived there.

23. In approximately 2013, the Perpetrator(s) who were correctional officers began to engage in sexual misconduct and sexually abuse in the Plaintiff's cell. Both Perpetrator(s) performed cavity searches on Plaintiff and when nothing was found began to pin Plaintiff down and penetrate Plaintiff forcibly. At no time did Plaintiff give valid, lawful consent to any of the sexual contact Plaintiff had with the Perpetrator(s).

24. In approximately 2013, a second sexual misconduct occurred in the Perpetrator(s), who was a doctor, office. Plaintiff was pinned down by the nurse while the Perpetrator(s) sexually touched and abused Plaintiff by penetrating Plaintiff forcibly between his/her buttocks. At no time did Plaintiff give valid, lawful consent to any of the sexual contact Plaintiff had with the Perpetrator(s).

25. When Plaintiff refused these demands, the Perpetrator(s) retaliated against Plaintiff by physically beating Plaintiff and forcibly holding Plaintiff down as Plaintiff continued to kick and scream during the assault.

26. Plaintiff reported the misconduct to the Sheriff's department, psychologist and case attorney.

## STATEMENT OF DAMAGES

27. As a result of Defendants' unlawful conduct, Plaintiffs suffered serious bodily harm, pain and suffering, extreme emotional and mental distress, disciplinary violations and punishment, humiliation, loss of human dignity, and loss of security. Defendants' actions were the proximate cause of Plaintiff's injuries, including physical and emotional damages.

28. Defendants' conduct was intentional, willful, malicious, reckless, and in conscious disregard of Plaintiff's protected rights. As such, and to deter future similar conduct by Defendants', Plaintiff is entitled to an award of punitive damages against Defendants.

29. Plaintiff was required to hire private counsel to vindicate his/her rights under the law, thereby accruing attorney's fees and costs. Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to applicable state statutes.

## FIRST CAUSE OF ACTION
### Violation of Civil Rights
### (Against All Defendants)

30. Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

31. This action is brought pursuant to:

(a) California Civil Code §§ 52.1, 52.3, Bane Civil Rights

    (b) California Civil Code §§ 51.7, Ralph Civil Rights Act

    (c) Violations of the Convention Against Torture and Other Cruel, Inhuman and Degrading Punishment and the International Covenant on Civil and Political Rights

32. Defendants interfered with the exercise and enjoyment of Plaintiffs' clearly established rights under United States and California law, which include, but are not limited to, the following:

  (a) Fourth Amendment to the United States Constitution and Article I, Section 13 of the California Constitution – right to be free from unreasonable detentions, searches, and seizures;

  (b) Eight Amendment to the United States Constitution and Article I, Section 17 of the California Constitution – right to be free from cruel and unusual punishment;

  (c) Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution – right to due process and equal protection of the laws;

  (d) California Civil Code Section 43 – right of protection from bodily restraint or harm, from personal insult, and from defamation;

  (e) California Civil Code Section 51.7 – right to freedom from violence;

  (f) California Civil Code Section 52.1 – right to exercise civil rights;

33. Defendants violated Plaintiff's clearly established rights under United States and California law by threats, intimidation and coercion and on the basis of their sex.

34. Defendants engaged in a pattern and practice of conduct that deprived Plaintiffs of their rights under United States and California law.

35. Defendants violated Plaintiff's right to be free from violence, threat of violence or intimidation by threat of violence on the basis of Plaintiff's sex.

36. Plaintiffs reallege and incorporate by reference every allegation contained in paragraphs 1 to 17 as set forth above.

37. Defendants' conduct caused intense suffering for Plaintiff, and forced her to act against her will.

38. Defendants' acts constitute a violation of the Convention Against Torture, which the United States has ratified, because they intentionally inflicted severe physical and mental pain and suffering to Plaintiff not inherent or incidental to their lawful sanctions.

39. Defendants' acts of sexual abuse and retaliation violated Plaintiffs' right to be treated humanely and respectfully, as well as their right to privacy.

40. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

## SECOND CAUSE OF ACTION
### California Government Code § 815.6
### Breach of Mandatory Duty
### (Against All Defendants)

41. Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

42. Defendants owed Plaintiffs the duty of care owed by a jailer to a prisoner, and other duties of care, including, but not limited to, the duties established by the Prison Rape Elimination Act and the Sex Abuse in Detention Elimination Act.

43. Defendants violated Plaintiff's clearly established rights enacted pursuant to United States and California law, which include, but are not limited to, the following:

(a) Fourth Amendment to the United States Constitution and Article I, Section 13 of the California Constitution – right to be free from unreasonable detentions, searches, and seizures;

(b) Eight Amendment to the United States Constitution and Article I, Section 17 of the California Constitution – right to be free from cruel and unusual punishment;

(c) Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution – right to due process and equal protection of the laws;

(d) California Civil Code Section 43 – right of protection from bodily restraint or harm, from personal insult, and from defamation;

(e) California Civil Code Section 51.7 – right to freedom from violence;

(f) California Civil Code Section 52.1 – right to exercise civil rights;

(g) Defendants violated Plaintiffs' clearly established rights under United States and California law by threats, intimidation and coercion and on the basis of their sex.

(h) Defendants engaged in a pattern and practice of conduct that deprived Plaintiffs of their rights under United States and California law.

44. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

45. Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

46. Defendants conduct was willful, extreme, outrageous, and was directed at causing harm, humiliation, mental anguish, and emotional and physical distress to Plaintiff. Defendants' conduct was intended to cause injury or was in reckless disregard of the probability of causing injury to Plaintiffs and did in fact cause Plaintiff serious injury.

47. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

## FOURTH CAUSE OF ACTION
### BATTERY
### (Against All Defendants)

48. Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

49. Plaintiff was in the legal care of Defendants and was entrusted to Defendants' legal care and supervision. Perpetrator(s) made sexual advances, intimidation, threats,

harassment, violence and sexual assault to Plaintiff, and engaged in other verbal, visual, and physical conduct of a sexual nature that were unwelcome and pervasive.

50. Perpetrator(s) assaulted and battered Plaintiff. Perpetrator(s)' conduct was intentional, nonconsensual, harmful, offensive and without lawful justification. Perpetrator(s) conduct caused Plaintiff to be placed in fear of personal harm.

51. Implicitly or explicitly, Defendants aided, incited, ratified, and/or conspired in the denial of Plaintiff's rights to be free from sexual harassment by Perpetrator(s), who was their agent(s), and thus allowed Perpetrator(s) to repeatedly sexually harass and abuse Plaintiff.

52. Defendants caused Plaintiff to be touched with the intent to harm or offend Plaintiff by acting with a willful disregard of Plaintiff's rights.

53. Plaintiff did not consent to the touching or the sexual advances.

54. As a direct and proximate result of the acts and omissions of Defendants and each of them as alleged herein, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

55. In committing the acts described herein, the conduct of Defendants was despicable, and done with malice, oppression, and fraud, justifying an award of punitive damages against each of those Defendants.

### FIFTH CAUSE OF ACTION
### SEXUAL HARASSMENT (*Civ. Code* §§ 51.9 & 52)
### (Against All Defendants)

56. Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

57. Plaintiff was in the legal care of Defendants and was entrusted to Defendants' legal care and supervision. Perpetrator(s) made sexual advances, intimidation, threats,

harassment, violence and sexual assault to Plaintiff, and engaged in other verbal, visual, and physical conduct of a sexual nature that were unwelcome and pervasive.

58. Implicitly or explicitly, Defendants aided, incited, ratified, and/or conspired in the denial of Plaintiff's rights to be free from sexual harassment by Perpetrator(s), who was their agent(s), and thus allowed Perpetrator(s) to repeatedly sexually harass and abuse Plaintiff.

59. As a direct and proximate result of the acts and omissions of Defendants and each of them as alleged herein, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

60. In committing the acts described herein, the conduct of Defendants was despicable, and done with malice, oppression, and fraud, justifying an award of punitive damages against each of those Defendants.

### SIXTH CAUSE OF ACTION
### NEGLIGENCE
### (Against All Defendants)

61. Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

62. At all relevant times, Defendants owed Plaintiff the legal duty to act with reasonable care, to prevent injury or harm to Plaintiff, and to prevent loss of or damage to Plaintiff.

63. At all relevant times, Defendants owed Plaintiff the duty of care owed by a jailer to a prisoner.

64. At all relevant times, Defendants owed Plaintiff duties established by the Prison Rape Elimination Act and the Sexual Abuse in Detention Elimination Act.

65. At all relevant times, Defendants owed Plaintiff the legal duty to act with reasonable care and to refrain from:

 (a) Violating the right to be free from cruel and unusual punishment;

 (b) Violating the right to equal protection of the laws;

 (c) Violating the provisions of section 43 of the California Civil Code, which provides in pertinent part that every person has the right of protection from bodily restraint or harm, from personal insult, and from defamation.

66. Defendants owed Plaintiff the legal duty to adequately train, supervise, set departmental policy and protocols for their employees, to comply with the Prison Rape Elimination Act and the Sexual Abuse in Detention Elimination Act, and to adopt and/or enforce policies and procedures for the proper hiring, training, and supervision of their employees.

67. Had Defendants, including their employees or agents, and each of them, properly investigated, supervised, trained, and monitored Perpetrator(s)' conduct and actions, Defendants would have discovered that Perpetrator(s) was unfit to be employed at Defendants' facility. By failing to adequately supervise, monitor, or investigate, Defendants allowed Perpetrator(s) to continue, unhindered, with his/her predatory conduct directed toward Plaintiff's reasonable care, supervision, and/or control.

68. By their acts and omissions, Defendants breached each of the foregoing duties owed to Plaintiff. Further, it was reasonably foreseeable that such breaches of duty would cause Plaintiff physical and/or emotional harm.

69. As a direct and proximate result of the acts and omissions of Defendants and each of them as alleged herein, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

70. In committing the acts described herein, the conduct of Defendants was despicable, and done with malice, oppression, and fraud, justifying an award of punitive damages against each of those Defendants.

### SEVENTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION
### (Against All Defendants)

71. Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

72. At all relevant times, Defendants owed Plaintiff the legal duty to act with reasonable care, to prevent injury or harm to Plaintiff, and to prevent loss of or damage to Plaintiff.

73. At all relevant times, Defendants owed Plaintiff the duty of care owed by a jailer to a prisoner.

74. At all relevant times, Defendants owed Plaintiff duties established by the Prison Rape Elimination Act and the Sexual Abuse in Detention Elimination Act.

75. At all relevant times, Defendants owed Plaintiff the legal duty to act with reasonable care and to refrain from:

   (a) Violating the right to be free from cruel and unusual punishment;

   (b) Violating the right to equal protection of the laws;

   (c) Violating the provisions of section 43 of the California Civil Code, which provides in pertinent part that every person has the right of protection from bodily restraint or harm, from personal insult, and from defamation.

76. Defendants owed Plaintiff the legal duty to adequately train, supervise, set departmental policy and protocols for their employees, to comply with the Prison Rape Elimination Act and the Sexual Abuse in Detention Elimination Act, and to adopt and/or enforce policies and procedures for the proper hiring, training, and supervision of their employees.

77. Had Defendants, including their employees or agents, and each of them, properly investigated, supervised, trained, and monitored Perpetrator(s)' conduct and actions, Defendants would have discovered that Perpetrator(s) was unfit to be employed at Defendants' facility. By failing to adequately supervise, monitor, or investigate, Defendants allowed Perpetrator(s) to continue, unhindered, with his/her predatory conduct directed toward Plaintiff's reasonable care, supervision, and/or control.

78. By their acts and omissions, Defendants breached each of the foregoing duties owed to Plaintiff. Further, it was reasonably foreseeable that such breaches of duty would cause Plaintiff physical and/or emotional harm.

79. As a direct and proximate result of the acts and omissions of Defendants and each of them as alleged herein, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

80. In committing the acts described herein, the conduct of Defendants was despicable, and done with malice, oppression, and fraud, justifying an award of punitive damages against each of those Defendants.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action.

///

///

///

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof at trial;
2. For special damages in an amount according to proof at trial;
3. For punitive damages in an amount according to proof at trial;
4. For costs of suit herein incurred; and
5. For such other and further relief as the Court may deem just and proper.

DATED: September 20, 2023         **MARC J. BERN & PARTNERS LLP**

_____
James West, ESQ.
Attorneys for Plaintiff